FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 JUL 28 PM 3: 05

U.S. DISTRICT COURT
N.D. OF ALABAMA

MS DEALER SERVICE        }
CORPORATION,             }
                         }
   Plaintiff             }   CIVIL ACTION NO.
                         }
vs.                      }   98-AR-1321-E
                         }
SHARON D. FRANKLIN,      }
                         }
   Defendant             }

ENTERED
JUL 2 8 1998

## MEMORANDUM OPINION

The court has for consideration the motion by defendant, Sharon D. Franklin ("Franklin"), which seeks to dismiss the petition of MS Dealer Service Corporation ("MS") seeking to compel arbitration of what is alleged to be a controversy between the two parties. Defendant's motion was heard at this court's regular motion docket on July 17, 1998. The argument centered on the meaning and effect of *First Franklin Financial Corp. v. McCollum*, __ F.3d __, 1998 WL 347142 (11th Cir. June 8, 1998). This court is a proven believer in the advantages of arbitration, but it is not a "knee-jerk" anything.

The thrust of Franklin's motion is simply to request that this court abstain, as McCollum requested in *First Franklin*, in deference to a state court proceeding in which Franklin (no kin to "First Franklin") is plaintiff and MS and others are defendants. It would be interesting if the losing appellee in *First Franklin*

should timely petition for writ of certiorari to the Supreme Court, making, among other things, the point that the Eleventh Circuit in its *per curiam* opinion in *First Franklin* raised to significance matters not of record. *Inter alia*, the Eleventh Circuit said:

> 1st Franklin represents that (<u>as of the date of its opening brief</u>) <u>the state court has not ruled on the motion to compel arbitration</u>.
>
> \*   \*   \*
>
> Furthermore, <u>no activity had occurred in state court before the filing of the federal petition or even before the district court ruled</u>. As in *Moses H. Cone*, "[i]n realistic terms, the federal suit was running well ahead of the state suit at the very time the District Court decided to refuse to adjudicate the case." Id. at 22, 103 S. Ct. at 940. Indeed, because <u>the state court had not acted</u>, 1st Federal's [sic] filing of a similar petition in state court simultaneously with this petition--a fact that arguably might distinguish this case from *Moses H. Cone*--is of little moment.
>
> \*   \*   \*
>
> The fourth factor, the adequacy of the state court to protect 1st Federal's [sic] rights, brings up what may be the only material difference between this case and Moses H. Cone. The Moses H. Cone Court noted that state-court procedures there were not adequate to protect the rights of the party seeking arbitration. In particular, the Court worried that the language of 9 U.S.C. § 4, which requires a "United States district court" to compel arbitration in certain circumstances, would on its face seem not to apply in state court. See id. at 27, 103 S. Ct. at 942. The U.S. Supreme Court did not answer the question of § 4's applicability, but the Alabama Supreme Court has accepted that an Alabama court may compel arbitration under § 4, as long as the underlying transaction involves interstate commerce. See, e.g., *Old Republic Insurance Co. v. Lanier*, 644 So. 2d 1258, 1260 (Ala. 1994). <u>Thus, the state court remedies may be adequate here. But there are counterconsiderations. First, the state court has apparently not ruled on 1st Federal's [sic] motion, effectively undermining the federal policy embodied in the FAA in favor of swift enforcement of arbitration agreements</u>.

(emphasis supplied). It would appear that had the state court in

2

*First Franklin* (not "1st Federal") acted expeditiously, this court's abstention might have been affirmed. But, this court had no way of knowing the vigor with which a state court, having concurrent jurisdiction, would proceed.

The usual rule is that admissions and statements of counsel, which, while perhaps interesting, form no part of the actual appellate record, will not be employed by the appellate court in forming its decision. The universal rule is that an appellate court will not consider matters *dehors* the record. Not only did this court in *First Franklin* not have before it what the state court was doing or was not doing, but this court had no way of knowing what, if anything, the state court would ever do. It would have been a sad day for this court's federal-state judicial relations if it had publicly predicted that the state court would do nothing in a case in which the issue of arbitrability properly came before that court prior to coming before this court.

Despite the fact that the Eleventh Circuit considered matters *dehors* the record in *First Franklin* and even made those matters important, if not dispositive, this court is bound by both the mandate in *First Franklin* and, in the instant case, by the precedent it creates. Therefore, unless a petition for writ of certiorari is filed by McCollum in *First Franklin* and a stay obtained either from the Eleventh Circuit or the Supreme Court by August 17, 1998, this court will deny Franklin's motion to dismiss

3

in the instant case and will order arbitration as requested by MS.

DONE this 28th day of July, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE